1  George M. Lee (SBN 172982)
   **SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**
2  601 Montgomery Street, Suite 2000
   San Francisco, CA 94111
3  Phone: (415) 979-0500
   Fax:    (415) 979-0511
4
5  Raymond M. DiGuiseppe (SBN 228457)
   **THE DIGUISEPPE LAW FIRM, P.C.**
6  2 North Front Street, Fifth Floor
   Wilmington, NC 28401
7  Phone: (910) 713-8804
   Fax:    (910) 672-7705
8
   Attorneys for Plaintiffs and Petitioners
9
10 Xavier Becerra
   ATTORNEY GENERAL OF CALIFORNIA
11 John W. Killeen
   DEPUTY ATTORNEY GENERAL
12 CALIFORNIA DEPARTMENT OF JUSTICE
   1300 I Street, 17th Floor
13 Sacramento, CA 95814
   Tel. (916) 210-6045
14
15 Attorneys for Defendants

16                    UNITED STATES DISTRICT COURT

17              FOR THE EASTERN DISTRICT OF CALIFORNIA

18

19 HARRY SHARP, et al.,                Case No. 2:18-cv-02317-MCE-AC

20        Petitioners,                 **JOINT RULE 26(F) REPORT AND PROPOSED
                                        DISCOVERY PLAN**
21           vs.
                                        **[FRCP 26(f); E.D.L.R. 240(b)]**
22 XAVIER BECERRA, et al.,

23        Respondents.

24

25       Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and Eastern District Local

26 Rule 240(b), the parties hereto, by and through their respective counsel, jointly submit this Rule

27 26(f) Report and Proposed Discovery Plan, and request this Court to adopt the same in the

28 Proposed Order that follows:

1    **I.      RULE 26(F) CONFERENCE**

2            Pursuant to Rule 26(f), the parties held a telephonic meeting concerning the topics under

3    that Rule on January 15, 2019.  The meeting was attended by the following counsel of record:

4            **FOR PLAINTIFFS**                              **FOR DEFENDANTS**

5            George M. Lee                                 John W. Killeen
6            SEILER EPSTEIN ZIEGLER &                      Deputy Attorney General
             APPLEGATE LLP                                 CALIFORNIA DEPARTMENT OF JUSTICE
7            601 Montgomery Street, Suite 2000             1300 I Street, 17th Floor
             San Francisco, CA 94111                       Sacramento, CA 95814
8            Tel. (415) 979-0500                           Tel. (916) 210-6045

9            Raymond M. DiGuiseppe
10           THE DIGUISEPPE LAW FIRM, P.C.
             2 North Front Street, Fifth Floor
11           Wilmington, NC 28401
             Tel. (910) 713-8804
12

13           During this conference, the parties' counsel discussed, *inter alia*: the nature and basis of

14   the plaintiffs' claims for violation of due process under the Fourteenth Amendment, claim for

15   mandamus relief under state law, declaratory and injunctive relief, and the defenses thereto, as

16   asserted in defendants' pending motion to dismiss (Doc. #14), and the possibilities for promptly

17   settling or resolving the case.  The parties recognized that further amendments to the pleadings

18   may be necessary depending upon the Court's ruling on defendants' motion to dismiss.  The

19   parties further discussed a proposed discovery plan as follows.

20

21   **II.     PROPOSED DISCOVERY PLAN**

22           The parties recognized that as they await the Court's ruling on the pending Motion to

23   Dismiss (Doc. #14) by defendants, a full pleading of all of the operative claims and affirmative

24   defenses are not yet realized.  Accordingly, the parties have tentatively agreed as follows:

25

26           **A.      Initial Disclosures**

27           The parties agreed to exchange initial disclosures pursuant to Rule 26(a) on or before

28   February 5, 2019.

2

**B.      Discovery Procedures**

At this time, the parties did not see reason to deviate from the rules governing the number of depositions (FRCP 30(a)(2)(A)(1)) or the number of interrogatories (FRCP 33(a)(1)) ordinarily afforded to each side.

With regard to electronically stored information, plaintiffs indicated that they intend to request ESI or other documents consisting of or otherwise recording the DOJ's access and error logs, debug logs, and maintenance logs regarding the online assault weapons registration system (called CFARS) for the statutory registration period at issue: Aug. 1, 2017 to July 1, 2018. Plaintiffs also indicated that they would seek documents and discovery pertaining to the overall number of assault weapon registrations during the registration period, and documents related to the memory resources available to handle the registration data.

Defendants did not specifically identify electronically stored information that it might request of any of the plaintiffs, but in addition to ordinary discovery requests to the individual plaintiffs, defendants may ask the organizational plaintiffs to identify the numbers of similarly-situated individuals who reported that they attempted to register assault weapons, but were unable to do so due to alleged limitations of the CFARS system.

The parties foresaw some potential issues arising in the production of documents that may involve sensitive issues, including data security and third-party privacy concerns.  The parties agreed to work in good faith and cooperatively to consider any reasonable protective orders that may be necessary or appropriate to protect such interests.


**C.      Discovery Cut-Off**

The parties agreed that in light of the lack of settlement of the pleadings (as defendants' motion to dismiss is pending), they will request that the cutoff date for percipient witness discovery be set at ten (10) months after the defense's filing of an answer to the operative complaint, should the Court allow the claims to proceed after ruling on defendants' motion to dismiss.

Thereafter, the timing of expert witness discovery would be governed pursuant to the

1   same time table set forth in this Court's initial Pretrial Scheduling Order (Doc. #2), i.e., expert

2   disclosure and reports would be due 60 days after the close of percipient witness discovery, and

3   supplemental expert witness discovery due 30 days after that date.

4         In line with the Court's original Initial Pretrial Scheduling Order (Doc. #2), the parties

5   agree they will file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving

6   the Court's ruling(s) on the last filed dispositive motions, if any, or within thirty (30) days after

7   the close of supplemental expert witnesses.

8

9   **III.    REQUEST TO ADOPT DISCOVERY PLAN**

10        Accordingly, the parties hereto jointly request that this Court adopt their proposed

11  discovery plan, in the form of the Proposed Order that follows, and to the extent necessary,

12  amend its Initial Pretrial Scheduling Order (Doc. #2) accordingly.

13        The parties remain available to attend and participate in a Rule 16 conference if requested

14  by the Court.

15

16  Dated: January 29, 2019          **SEILER EPSTEIN ZIEGLER & APPLEGATE LLP**

17

18                         /s/ George M. Lee
                       George M. Lee

19

20                         Attorneys for Plaintiffs and Petitioners

21  Dated: January 29, 2019          **OFFICE OF THE ATTORNEY GENERAL**

22

23                         /s/ John W. Killeen
                       John W. Killeen

24

25                         Attorneys for Defendants

26

27

28

JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN | CASE NO. 2:18-cv-02317-MCE-AC