George M. Lee (SBN 172982)
  Email: gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:    (415) 979-0511

Raymond M. DiGuiseppe (SBN 228457)
  Email: law.rmd@gmail.com
**THE DIGUISEPPE LAW FIRM, P.C.**
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
Phone: (910) 713-8804
Fax: (910) 672-7705

Attorneys for Plaintiffs and Petitioners

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY SHARP, et al.,<br><br>   Petitioners,<br><br>vs.<br><br>XAVIER BECERRA, et al.,<br><br>   Respondents. | Case No. 2:18-cv-02317-MCE-AC<br><br>**JOINT STATUS REPORT AND PLAINTIFFS' REQUEST FOR COURT-SUPERVISED SETTLEMENT CONFERENCE** |

Pursuant to this Court's Minute Order of February 18, 2021 [ECF No. 30], the parties hereto, plaintiffs Harry Sharp et al. ("plaintiffs") and defendants Xavier Becerra, in his official capacity as Attorney General of California, Luis Lopez, in his official capacity as Director of the Department of Justice Bureau of Firearms, Joe Dominic, in his official capacity as Chief of the Department of Justice California Justice Information Services Division and the California Department of Justice ("defendants") hereby submit this Joint Status Report, and plaintiffs request that the Court schedule a court-supervised settlement conference pursuant to E.D. Local Rule 270.  As detailed below, the parties believe that they are very close to finalizing a settlement agreement and submitting it to the Court for approval.

# JOINT STATUS REPORT

**A.    BACKGROUND**

This action seeks relief related to alleged shortcomings of an online program administered by the California Department of Justice and its officials for the registration of certain firearms as assault weapons following a 2016 amendment to the Assault Weapons Control Act. (Order re Motion to Dismiss, ECF No. 26, at p. 2). Plaintiffs allege they were subject to constitutional due process violations in the way that defendants' program was handled. *Id*.

Individual plaintiffs Harry Sharp, David Ajirogi, Ryan Gilardy, Darin Prince, Todd Feltman, David Kuehl, and Terry Jahraus allege that they were lawful possessors of bullet button assault weapons, who attempted to register their legally-owned firearms on or before the legally-required registration deadline. The plaintiffs allege that, due to various technical problems, they (and many others like them) were unable to register assault weapons in compliance with the law, even though they attempted to do so. The organizational plaintiffs allege that other of their members also encountered problems registering firearms on the DOJ's website.

On July 11, 2018, plaintiffs filed suit for mandamus, declaratory and injunctive relief in Shasta County Superior Court, Case No. 190350, seeking relief to permit them a reasonable opportunity to register firearms, and to protect them from penalties for possessing assault weapons. Plaintiffs filed suit seeking relief for themselves, and on behalf of all similarly-situated individuals. Plaintiffs specifically sought to enjoin those laws prohibiting the possession and transportation of assault weapons, found at Penal Code sections 30600 and 30605, as applied to them and the class of persons they sought to represent.

On August 6, 2018, Plaintiffs filed a Verified First Amended Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief in the state court action, and filed a motion for preliminary injunction on August 13, 2018.

On August 24, 2018, Defendants filed a Notice of Removal of the case, initiating the instant federal proceedings. The basis for the removal to federal court was subject matter jurisdiction (federal question, 28 U.S.C. § 1441(a)) based upon plaintiffs' asserted claim arising under the Fourteenth Amendment of the United States Constitution.

On September 21, 2018, Plaintiffs filed their Second Amended Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief in the Federal Action [ECF No. 10]. In their Second Amended Petition, Plaintiffs asserted claims under 42 U.S.C. § 1983 (violation of Fourteenth Amendment), sought relief in the form of a writ of mandate, declaratory relief (for violation of Due Process, Fourteenth Amendment of the U.S. Constitution and Cal. Const., art. I § 7), and injunctive relief.

On October 19, 2018, Defendants filed a Motion to Dismiss the Second Amended Petition under FRCP 12(b)(6) [ECF No. 14]. On November 19, 2018, Plaintiffs filed their opposition to Defendants' Motion to Dismiss [ECF No. 17]. On June 26, 2019, the district court entered its Order denying Defendants' Motion to Dismiss. [ECF No. 26]. Defendants filed their answer to the Second Amended Petition on July 12, 2019 [ECF No. 28].

**B.   DISCOVERY**

The parties have exchanged written discovery, produced many pages of documents pertaining to the alleged shortcomings of the DOJ's online website, known as California Firearms Application Reporting System (CFARS), an existing platform upon which the registrations were to occur. The changes to the law specifically required the DOJ to establish and maintain a "public-facing" Internet-based application for timely processing of these new assault weapon registrations. Pen. Code § 30900(b)(2).  Plaintiffs have also taken two depositions.

**C.   SETTLEMENT DISCUSSIONS AND STATUS**

   **1.   Current Status**

The parties diligently pursued settlement negotiations throughout 2020, and the parties have tentatively settled this case, pending approval by the Attorney General or his Chief Deputy and signatures with regard to the latest version of the settlement agreement, exchanged on January 5, 2021, which contained one minor change to a recital, but was otherwise acceptable in principle to the parties.  The parties are also finalizing their negotiations regarding plaintiffs' fees.

Plaintiffs' position today is that if the defense does not accept the fee proposal submitted

with documentation on January 5, 2021, by March 12, 2021, that their settlement position will be withdrawn. Plaintiffs request a settlement conference pursuant to L.R. 270.

### 2. History

On April 7, 2020, as the parties began discussing and negotiating the re-opening of discovery for the limited purposes of additional depositions and information pertaining to the DOJ's registration system, the parties renewed and began additional settlement discussions in earnest. On April 7, 2020, the parties exchanged an initial term sheet of points that conceptually would constitute the primary terms of a settlement. Through the summer of 2020, the parties exchanged additional versions of the term sheet, honing in on primary points of disagreement. A final version of the term sheet, which was agreeable to all parties in principle, was exchanged on November 5, 2020.

The parties' settlement discussions accelerated on November 19, 2020, at which time the parties' counsel drafted and exchanged a formal written settlement agreement and proposed stipulated injunction. Comments and discussions on the proposed settlement agreement continued into December 2020.

On or about December 18, 2020, the parties exchanged a near-final version of the settlement agreement which was agreeable in principle to all parties. Without revealing the terms of the proposed settlement, they would involve the Court's approval of the settlement, entry of a stipulated injunction, and the payment of a negotiated sum of plaintiffs' attorneys' fees. On January 5, 2021, plaintiffs' counsel undersigned sent to defendants' counsel redacted billing records that supported plaintiffs' request for attorneys' fees. Plaintiffs have been awaiting final approval of the settlement on the fees question, but all other terms of the draft settlement agreement seem to be acceptable.

### 3. Plaintiffs' Request for Settlement Conference

The parties appeared to have been close to submission of a settlement agreement and proposed stipulated injunction to this Court for approval. However, in anticipation of the possibility that a settlement may not reached by March 12, plaintiffs request that the Court schedule a court-supervised settlement conference before a magistrate judge, pursuant to Eastern District Local Rule 270, if the settlement conference can be heard, with all parties required to sign any settlement agreement to be ordered present, before March 31, 2021.  If such a conference is necessary, the

parties consent to the appointment of United States Magistrate Judge Allison Claire, to whom this case is assigned, pursuant to L.R. 270(b).

D. **SETTING OF TRIAL DATE**

Should this Court believe that a settlement conference is not appropriate or available for the parties, the parties would request that the matter be set for trial before this Court on or after November 1, 2021. The parties anticipate that this would be a bench trial, lasting approximately two weeks. Should a trial be set, plaintiffs would reserve the right to request/move for reopening of discovery for limited purposes.

Respectfully submitted.

Dated: February 28, 2021	**SEILER EPSTEIN LLP**

/s/ George M. Lee
George M. Lee
Attorney for Plaintiffs and Petitioners

Dated: February 28, 2021	**OFFICE OF THE ATTORNEY GENERAL**

/s/ John W. Killeen
John W. Killeen
Attorney for Defendants