George M. Lee (SBN 172982)
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
gml@seilerepstein.com

Raymond M. DiGuiseppe (SBN 228457)
**THE DIGUISEPPE LAW FIRM, P.C.**
4320 Southport-Supply Road, Suite 300
Southport, North Carolina 28461
Phone: 910-713-8804
law.rmd@gmail.com

*Attorneys for Plaintiffs*

XAVIER BECERRA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
JOHN W. KILLEEN, State Bar No. 258395
Deputy Attorney General
  1300 I Street, Siuite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6045
  Fax: (916) 324-8835
  Email: John.Killeen@doj.ca.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY SHARP, et al., | Case No. 2:18-cv-02317-MCE-AC |
| Plaintiffs/Petitioners, | **JOINT MOTION TO APPROVE SETTLEMENT AND ENTER STIPULATED INJUNCTION** |
| vs. | |
| XAVIER BECERRA, in his official capacity as Attorney General of California, et al. | |
| Defendants/Respondents. | |

1

# JOINT MOTION TO APPROVE SETTLEMENT
# AND ENTER STIPULATED INJUNCTION

The parties hereto, plaintiffs HARRY SHARP, DAVID AJIROGI, RYAN GILARDY, DARIN PRINCE, TODD FELTMAN, DAVID KUEHL, TERRY JAHRAUS, CALIFORNIA GUN RIGHTS FOUNDATION, FIREARMS POLICY COALITION, FIREARMS POLICY FOUNDATION, SECOND AMENDMENT FOUNDATION and MADISON SOCIETY FOUNDATION ("plaintiffs"), and defendants XAVIER BECERRA, in his official capacity as Attorney General of California, LUIS LOPEZ, in his official capacity as Director of the Department of Justice Bureau of Firearms, JOE DOMINIC, in his official capacity as Chief of the Department of Justice California Justice Information Services Division and the CALIFORNIA DEPARTMENT OF JUSTICE ("defendants"), by and through their counsel undersigned, hereby and jointly move this court for approval of the parties' settlement agreement, and entry of the Stipulated Injunction and Consent Decree ("Stipulated Injunction") attached as an exhibit thereto.

## BACKGROUND

Plaintiffs sought relief related to alleged shortcomings of an online program administered by the California Department of Justice and its officials for the registration of certain firearms as assault weapons following a 2016 amendment to the Assault Weapons Control Act. (Order re Motion to Dismiss [ECF No. 26], at p. 2). Plaintiffs alleged they were subject to constitutional due process violations in the way that defendants' program was handled. *Id*.

Individual plaintiffs claimed that they were lawful possessors of bullet button assault weapons, who attempted to register their legally-owned firearms on or before the legally-required registration deadline. These plaintiffs allege that, due to various technical problems, they (and many others like them) were unable to register assault weapons in compliance with the law, even though they attempted to do so. The organizational plaintiffs allege that other of their members also encountered problems registering firearms on the DOJ's website.

On July 11, 2018, plaintiffs filed suit for mandamus, declaratory and injunctive relief in

1  Shasta County Superior Court, Case No. 190350, seeking relief to permit them a reasonable
2  opportunity to register firearms, and to protect them from penalties for possessing assault
3  weapons. Plaintiffs filed suit seeking relief for themselves, and on behalf of all similarly-situated
4  individuals. Plaintiffs specifically sought to enjoin those laws prohibiting the possession and
5  transportation of assault weapons, found at Penal Code sections 30600 and 30605, as applied to
6  them and the class of persons they sought to represent.
7         On August 6, 2018, Plaintiffs filed a Verified First Amended Petition for Writ of Mandate
8  and Complaint for Declaratory and Injunctive Relief in the state court action, and filed a motion
9  for preliminary injunction on August 13, 2018.
10        On August 24, 2018, Defendants filed a Notice of Removal of the case, initiating the
11 instant federal proceedings. The basis for the removal to federal court was subject matter
12 jurisdiction (federal question, 28 U.S.C. § 1441(a)) based upon plaintiffs' asserted claim arising
13 under the Fourteenth Amendment of the United States Constitution.
14        On September 21, 2018, Plaintiffs filed their Second Amended Petition for Writ of
15 Mandate and Complaint for Declaratory and Injunctive Relief in the Federal Action [ECF No.
16 10]. In their Second Amended Petition, Plaintiffs asserted claims under 42 U.S.C. § 1983
17 (violation of Fourteenth Amendment), sought relief in the form of a writ of mandate, declaratory
18 relief (for violation of Due Process, Fourteenth Amendment of the U.S. Constitution and Cal.
19 Const., art. I § 7), and injunctive relief.
20        On October 19, 2018, Defendants filed a Motion to Dismiss the Second Amended
21 Petition under FRCP 12(b)(6) [ECF No. 14]. On November 19, 2018, Plaintiffs filed their
22 opposition to Defendants' Motion to Dismiss [ECF No. 17]. On June 26, 2019, this Court entered
23 its Order denying Defendants' Motion to Dismiss. [ECF No. 26]. Defendants filed their answer
24 to the Second Amended Petition on July 12, 2019 [ECF No. 28].
25        Following a period of discovery, the parties, having diligently negotiated the terms of a
26 proposed settlement over the past year, have now entered into a final Settlement Agreement,
27 attached hereto as **Exhibit A**, by which the parties also have agreed to enter into a Stipulated
28 Injunction and Consent Decree, to be entered by and subject to the ongoing jurisdiction of this

Court to enforce its terms. Paragraph 3 of the Settlement Agreement provides that "[t]he Parties agree to request and seek the Court's approval as to borth this Agreement and the Stipulated Injunction." By and through the instant joint motion, the parties now and hereby seek this Court's approval.

### SUMMARY OF PRIMARY SETTLEMENT TERMS

In summary form (and not intending here to recite all of the material terms therein), the Settlement Agreement provides for the following:

- A temporary reopening of assault weapons registrations under Pen. Code § 30900(b) for individuals who were eligible to register, but were unable to do so because of technical difficulties they encountered accessing the website in 2018. The parties have agreed to a new notice period of at least 120 days, to allow the parties to notify the public and affected persons of the new registration period, followed by a reopening of the assault weapons registration period for a period of 90 days;

- Allowance of a "paper option" by which the Department will accept paper submissions in addition to Internet registrations;

- A temporary defense pertaining to the enforcement of certain assault weapons laws, to permit eligible persons to comply with the registration process if they are otherwise eligible;

- Allowing persons with firearms that are presently in law enforcement custody, but who were otherwise eligible to register, to register their firearms as assault weapons;

- The recovery of plaintiffs' attorneys' fees and costs in an agreed-upon amount; and

- Entry of the proposed Stipulated Injunction, which would be subject to the Court's continuing jurisdiction to enforce its terms.

**AUTHORITY**

The parties' settlement may be embodied in an injunction requiring continuing compliance by the parties, known as as a consent decree, which is essentially a settlement which contains an injunction. Phillips & Stevenson, *Federal Civil Procedure Before Trial*, (The Rutter Group, 2020 ed.), ¶ 15:139.25. "[C]onsent decrees are essentially contractual agreements that are given the status of a judicial decree. Contract principles are generally applicable in our analysis of consent decrees, provided contract analysis does not undermine the judicial character of the decree." *Hook v. State of Ariz., Dep't of Corr.*, 972 F.2d 1012, 1014 (9th Cir. 1992) (citing *Thompson v. Enomoto*, 915 F.2d 1383, 1388 (9th Cir. 1990), *cert. denied*, 502 U.S. 1071, 112 S.Ct. 965 (1992). "[C]onsent decrees are construed as contracts for purposes of enforcement." *Hook*, 972 F.2d at 1014 (citing *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 238, 95 S.Ct. 926 (1975)).

"If the settlement agreement includes a provision for injunctive relief, the agreement and the court order incorporating it must meet the requirements of FRCP 65(d) for injunctive relief (describing in reasonable detail the specific conduct to be enjoined and the reasons for issuance of an injunction[.])" Phillips & Stevenson, supra, at ¶ 15:141.10 (citing *William Keeton Enterprises, Inc. v. A All American Strip-O-Rama, Inc.*, 74 F.3d 178, 182 (9th Cir. 1996). Here, the parties have extensively negotiated the terms of the settlement and the stipulated injunction which is necessary to enforce its terms, and as these terms will substantially affect all further and future assault weapon registrations, and the enforcement of assault weapons laws generally.

Wherefore, the parties hereby and jointly request that this Court approve their settlement and enter the Stipulated Judgment and Consent Decree which is attached thereto (and submitted separately with this motion). The parties are available for hearing on this joint motion as the Court may require.

Respectfully submitted,

//
//
//

Dated: March 17, 2021

**SEILER EPSTEIN LLP**

/s/ George M. Lee
George M. Lee

Attorneys for Plaintiffs
HARRY SHARP, DAVID AJIROGI, RYAN GILARDY, DARIN PRINCE, TODD FELTMAN, DAVID KUEHL, TERRY JAHRAUS, THE CALIFORNIA GUN RIGHTS FOUNDATION, FIREARMS POLICY COALITION, FIREARMS POLICY FOUNDATION, SECOND AMENDMENT FOUNDATION and MADISON SOCIETY FOUNDATION

Dated: March 17, 2021

**OFFICE OF THE ATTORNEY GENERAL**

/s/ John W. Killeen
John W. Killeen
Deputy Attorney General

Attorneys for Defendants
XAVIER BECERRA, in his official capacity as Attorney General of California, LUIS LOPEZ, in his official capacity as Director of the Department of Justice Bureau of Firearms, JOE DOMINIC, in his official capacity as Chief of the Department of Justice California Justice Information Services Division and the CALIFORNIA DEPARTMENT OF JUSTICE